United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WINSLOW C. ROUSE,

      Plaintiff,

      v.

RAYMOND ROBERT CONNER, et al.,

      Defendants.

_____/

No. C 12-2121 PJH

**ORDER OF DISMISSAL**

Before the court are the motions to dismiss filed by defendants Raymond Robert Connor, Kathy Archuleta, and the County of Alameda. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motions.

On April 27, 2012, pro se plaintiff Winslow C. Rouse filed the complaint in this action, alleging constitutional claims under 42 U.S.C. § 1983, including claims of arrest without probable cause, making of false statements in application for arrest warrant, and failure to disclose exculpatory evidence; and conspiracy to violate civil rights under 42 U.S.C. § 1985; and also alleging state law claims of negligence, malicious prosecution, false arrest and imprisonment, abuse of process, and restitution.

Defendants seek dismissal of the complaint with prejudice, arguing, among other things, that the claims are time-barred, as the events on which the claims are based occurred between 2000 and 2002, and that the claims are barred by res judicata.

**United States District Court**
For the Northern District of California

**BACKGROUND**[1]

Approximately twelve years ago, on May 15, 2000, plaintiff Winslow C. Rouse ("Rouse") was arrested and transported to the Alameda County Jail at Santa Rita, California.  The arrest was based on Rouse's possession of a firearm in violation of a domestic violence restraining order that had been issued by the Contra Costa Superior Court on April 18, 2000 at the request of his sister Jeannine Deer ("Deer").

The April 18, 2000 order, which was issued pursuant to California Family Code § 6200, et seq., directed Rouse to stay away from Deer and her then-minor daughter, pending a hearing scheduled for May 12, 2000.  The order also contained certain directives restricting Rouse's possession, purchase, and receipt of firearms pending the hearing. After hearing testimony on May 12th, the trial court extended the order and continued the matter to May 19, 2000.  At the continued hearing on May 19th, the court granted Deer's request for a three-year restraining order.

A copy of the restraining order is attached as an exhibit to the complaint.  The order included a "Firearm Restriction," which provided as follows on page 2:

> The restrained person is ordered to give up any firearm in or subject to his or her immediate possession or control within . . . 48 hours after service of this order.

> Any firearms should be surrendered to the control of local law enforcement. The restrained person shall file a receipt with the court showing compliance with this order within 72 hours of receiving this order.

The order also stated on page 4 in boldface:

> NOTICE REGARDING FIREARMS

> Any person subject to a restraining order is prohibited from purchasing or attempting to purchase, receiving or attempting to receive, or otherwise obtaining a firearm. Such conduct is subject to a $1,000 fine and imprisonment. At the hearing on this matter, the court has authority to order

---

[1]   Some of the background facts are taken from four unpublished opinions of the California Court of Appeal: <u>Deer v. Rouse</u>, No. A094288, 2001 WL 1418677 (Cal. App. 1 Dist. Nov. 13, 2001); <u>Deer v. Rouse</u>, No. A100121, 2003 WL 1986058 (Cal. App. 1 Dist., Apr. 30, 2003); <u>Rouse v. Rouse</u>, No. A102956, 2004 WL 2166352 (Cal. App. 1 Dist., Sept. 28, 2004); <u>Rouse v. Rouse</u>, No. A127520, 2010 WL 3388967 (Cal. App. 1 Dist., Aug. 30, 2010); and from an order issued by this court denying plaintiff's petition for writ of habeas corpus, <u>Rouse v. Plummer</u>, No. C-04-0276 JF (PR), 2006 WL 3507945 (N.D. Cal. Dec. 1, 2006).

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

that the person subject to these orders relinquish any firearms and not own or possess any firearms during the period of the restraining order. If restraining orders are issued, the restrained person may not be able to possess a firearm. . . .

Rouse filed a motion to vacate the May 19, 2000 order, and that motion was denied on November 9, 2000.  Rouse then filed a notice of appeal, in which he sought review only of the November 9, 2000 order.  In a decision filed November 13, 2001, the Court of Appeal affirmed the November 9, 2000 order.  See Deer v. Rouse, No. A094288, 2001 WL 1418677 (Cal. App. 1 Dist. Nov. 13, 2001).  Because Rouse had failed to file a notice of appeal from the May 19, 2000 order, the court held that he was "foreclosed from raising any issues relating to the restraining order, except that the order is void on its face."

The court indicated that an order can be set aside at any time on the ground that is void, when the court lacks personal or subject matter jurisdiction, or when it exceeds its jurisdiction in granting relief that it had no power to grant.  However, the court asserted, nonjurisdictional errors – such as a failure to state a cause of action, insufficiency of evidence, abuse of discretion, and mistake of law – are "not appropriate procedural targets" for collateral attack within this context.  Id., 2001 WL 1418677 at *2 (quoting Armstrong v. Armstrong, 15 Cal. 3d 942, 950 (1976); Rochin v. Pat Johnson Mfg. Co., 67 Cal. App. 4th 1228, 1239 (1998)).

In this regard, the court found that

the restraining order is not void because it does not "state on its face" that the restrained person "is prohibited from owning, possessing, purchasing, or receiving a firearm while the protective order is in effect," as required by subdivision (f) of section 6389 of the Family Code.  "Where, as here, the statute does not restrict the power of the court, . . . the violation of the statutory provision constitutes an error of law rather than [an] excess of jurisdiction."  Redlands etc. Sch. Dist v. Superior Court (1942) 20 Cal. 2d 348, 360).

Id.  In addition, the court found that the fact that the firearm restriction did not specifically require Rouse to relinquish any firearms he already possessed or owned when the order was issued did not render that provision impermissibly vague, as the firearm restriction "prohibits the purchase and receipt of firearms and alerts Rouse to the possibility his possession of a firearm while he is subject to the restraining order may be a felony under

3

United States District Court
For the Northern District of California

1   federal law[,]" which the court found sufficient to put "persons of common intelligence" on

2   notice.  Id.

3        On December 24, 2001, Rouse filed a petition for review with the California Supreme

4   Court.  Among other things, Rouse argued that issuance of a restraining order that lacked

5   the required statutory language – that the restrained person "is prohibited from owning,

6   possessing, purchasing, or receiving a firearm while the protective order is in effect" – was

7   a jurisdictional error and rendered the restraining order void.  See Rouse v. Deer, No.

8   A094288, Appellate Petition, Motion, and Filing, 2001 WL 34807732 (Cal. App. 1 Dist. Dec.

9   24, 2001).  On February 13, 2002, the California Supreme Court denied Rouse's petition.

10  Id., rev. denied, S103134 (Cal. Feb. 13, 2002).

11       On February 27, 2002, Rouse filed his first petition for a writ of habeas corpus in this

12  court, challenging the lawfulness of the restraining order issued against him.  Named as

13  respondents were Dan Lungren, who had been Attorney General of California from 1991 to

14  1999, and Rouse's sister Jeannine Rouse Deer.  See Rouse v. Deer, C-02-0966 JF.  The

15  petition was dismissed on March 26, 2002.

16       On March 14, 2002, Rouse filed three more habeas petitions – one naming the

17  Alameda County Superior Court and Attorney General Bill Lockyer as respondents, one

18  naming Rouse's ex-wife Suzanne Chen and Bill Lockyer as respondents, and one naming

19  the Contra Costa Superior Court and Bill Lockyer as respondents.  See Rouse v. Superior

20  Court of Alameda County, C-02-1271 VRW (dismissed March 26, 2002); Rouse v. Chen,

21  C-02-1272 VRW (dismissed April 19, 2002); Rouse v. Superior Court of Contra Costa

22  County, C-02-1284 RMW (dismissed June 7, 2002).  In dismissing the petition filed in

23  Rouse v. Chen, the court found that it lacked subject matter jurisdiction because the

24  issuance of the temporary restraining order did not result in Rouse being "in custody" at the

25  time he filed the petition.  See Rouse v. Chen, 2002 WL 826835 (N.D. Cal. Apr. 19, 2002).

26       On March 29, 2002, Rouse filed two further habeas petitions – one naming the

27  Superior Court of Alameda County and Bill Lockyer as respondents, and one naming the

28  Contra Costa Superior Court and Bill Lockyer as respondents.  See Rouse v. Superior

United States District Court

For the Northern District of California

Court of Alameda County, C-02-1544 RMW (dismissed June 7, 2002); Rouse v. Superior Court of Contra Costa County, C-02-1545 RMW (dismissed June 5, 2002). On April 5, 2002, Rouse filed another habeas petition naming Jeannine Rouse Deer as respondent. See C-02-1653 RMW (dismissed April 1, 2003). In the order of dismissal, the court noted that Rouse had attempted on numerous occasions to bring a petition for habeas corpus to nullify a restraining order issued against him in state family law proceedings, and that the court lacked subject matter jurisdiction.

On April 11, 2002, Rouse was convicted by a state court jury of four misdemeanor counts of possession of weapons in violation of California Penal Code § 12021(g)(2). This section (which was repealed in 2011 and re-enacted as of January 1, 2012 as Penal Code § 29825(b)) provides:

> Every person who owns or possesses a firearm knowing that the person is prohibited from doing so by a temporary restraining order or injunction issued pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, a protective order as defined in Section 6218 of the Family Code, a protective order issued pursuant to Section 136.2 or 646.91 of this code, or a protective order issued pursuant to Section 15657.03 of the Welfare and Institutions Code, is guilty of a public offense, which shall be punishable by imprisonment in a county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

Rouse was sentenced to a five-year probationary term, and ordered to serve 180 days in the County Jail as a condition of probation. He was also ordered to pay restitution, and ordered not to own, use, or possess any firearm or other dangerous or deadly weapon. In addition, the court issued a three-year protective order, directing plaintiff to stay away from his sister and her minor child.

At the time of his arrest, Rouse was employed by the County of Alameda. After his arrest, but prior to his conviction, Rouse was terminated from his civil service position with the County, based on the arrest for having violating the firearms provision of the restraining order. At approximately this same time (early 2002), at least two of his co-workers at the Department of Social Services obtained restraining orders because he had been making threats against them.

Rouse subsequently appealed his conviction, arguing that the trial court

United States District Court
For the Northern District of California

1   commissioner had wrongfully issued restraining orders against him without a stipulation by

2   the parties, that the court commissioner's order granting the restraining order after Rouse's

3   arrest but before his conviction was an abuse of discretion, and that the temporary

4   restraining order against Rouse did not prohibit him from owning or possessing firearms

5   and was impermissibly vague.  After the appeal was denied on the merits, Rouse pursued

6   state habeas relief.  His petition was denied by the California Court of Appeal on December

7   18, 2003.  He also filed a state habeas petition in the California Supreme Court, which was

8   denied on January 20, 2004.

9        In early 2004, Rouse also filed a petition for a writ of prohibition in this court, naming

10   the Alameda County Superior Court and Bill Lockyer as respondents, and a federal habeas

11   petition, naming Alameda County Sheriff Charles Plummer and Bill Lockyer as

12   respondents.  See Rouse v. Alameda County Superior Court, 04-mc-0001 CRB (dismissed

13   January 9, 2004); Rouse v. Plummer, C-04-0276 JF (dismissed December 1, 2006).  In the

14   federal habeas petition, Rouse challenged both the constitutionality of his conviction and

15   the issuance of the restraining order.  After that petition was dismissed, Rouse filed a notice

16   of appeal, but on January 29, 2008, the Ninth Circuit denied his request for a certificate of

17   appealability, and the appeal was dismissed.  Rouse v. Plummer, No. 07-15128 (9th Cir.

18   Jan. 29, 2008).

19        Meanwhile, after the resolution of his first appeal of the state court order denying his

20   challenge to the May 19, 2000 order, Rouse filed a motion with the Contra Costa Superior

21   Court to set aside as void the May 12, 2000 order on various grounds, including that the

22   firearm prohibition provisions in that order were impermissibly vague.  The court denied the

23   motion on August 9, 2002.  Rouse filed a notice of appeal in which he sought review of both

24   the August 9, 2002 order and the May 12, 2000 order.  On April 30, 2003, the Court of

25   Appeal issued an order affirming the August 9, 2002 order, and dismissing as untimely the

26   appeal of the May 12th order.  Deer v. Rouse, No. A100121, 2003 WL 1986058 (Cal. App.

27   1 Dist., Apr. 30, 2003).

28        The court noted that Rouse had challenged the May 12, 2000 restraining order on

United States District Court
For the Northern District of California

1   the ground that it was "void on its face," but found that because the May 12th order had

2   expired and a reversal would have no practical effect, "any challenge to the order is now

3   moot." Id., 2003 WL 1986058 at *2.  As for Rouse's argument that the August 9, 2002

4   order was not warranted because the May 19, 2000 order was void on its face in that it did

5   not contain certain statutorily required language, and the language was impermissibly

6   vague, the court cited to its prior decision regarding the May 19th order, and the California

7   Supreme Court's denial of Rouse's petition for review, and held that "our prior decision is

8   law of the case." Id.  The court held that "Rouse's reliance on the maxim that a void order

9   may be set aside at any time is misplaced[,]" as "[t]hat rule of law is 'subject to the

10  qualification that . . . a final adjudication of [an] issue precludes the raising of the question

11  again.'" Id. (quoting Tomkins v. Tomkins, 89 Cal. App. 2d 243, 250 (1948)).

12      Shortly before the expiration of the May 19, 2000 restraining order, Deer filed an

13  application with the Contra Costa Superior Court to renew the order for an indefinite term.

14  The court granted the request, and issued a new restraining order in favor of Deer and her

15  minor child, and against Rouse, on June 11, 2003.  Rouse filed a notice of appeal from the

16  June 11th order, and the Court of Appeal affirmed the order in a decision filed September

17  28, 2004.  Rouse v. Rouse, No. A102956, 2004 WL 2166352 (Cal. App. 1 Dist. Sept. 28,

18  2004).

19      Approximately six years later, Rouse filed another motion with the Contra Costa

20  Superior Court to set aside as void the April 18, 2000 restraining order.  The court denied

21  the motion on September 24, 2009, finding "no cognizable legal grounds for 'voiding' the

22  April 18, 2000 order."  Rouse did not file a notice of appeal of the September 24th order.

23      On November 6, 2009, however, Rouse filed yet another motion with the Contra

24  Costa Superior Court to set aside as void the April 18, 2000 restraining order.  He argued

25  that the order was void on its face because the language in the firearm prohibition

26  provisions was impermissibly vague.  He asserted that the motion was both timely and

27  proper because, among other things, "a void order . . . is a nullity, unenforceable, and

28  subject to direct or collateral attack at any time," and that the doctrine of res judicata does

7

United States District Court
For the Northern District of California

not apply to void orders.

At the hearing on December 15, 2009, the court noted that the current motion was the same as the motion that Rouse had filed in July 2009, and earlier motions he had submitted to the courts, and denied the motion. The court also found that it would be appropriate to order Rouse to pay sanctions pursuant to Family Code § 271 (authorizing imposition of sanctions on party or attorney whose conduct frustrates policy of promoting settlement and cooperation in family law litigation), but determined to stay the sanctions order. The court cautioned Rouse, however, that if he filed the same motion again, the sanctions could be reinstituted. On December 18, 2009, the court issued a minute order reflecting its ruling at the hearing.

Rouse filed a notice of appeal from the December 18, 2009 order, seeking reversal on a number of grounds, including that the trial court should have granted his request to vacate as void the April 18, 2000 order. In a decision issued on August 30, 2010, the Court of Appeal affirmed the trial court. Rouse v. Rouse, No. A127520, 2010 WL 3388967 (Cal. App. 1 Dist, Aug. 30, 2010). As an initial matter, the court noted that because Rouse had failed to appeal from the September 24, 2009 order in which the trial court denied his motion to vacate as void the April 18, 2000 order, the September 24, 2009 order became res judicata as to any subsequent challenge that the April 18, 2000 order was void on its face. Id., 2010 WL 3388967 at *3. Thus, the court found, Rouse's November 6, 2009 motion to set aside as void the April 18, 2000 order was ineffectual for any purpose. Id.

The court also found that even if the November 6, 2009 motion could be viewed as a motion to vacate the trial court's September 24, 2009 order, there would be no basis for reversal, given that the April 18, 2000 order was neither factually nor legally distinguishable from the May 12, 2000 order, and also given that the Court of Appeal in its April 30, 2003 decision had rejected Rouse's collateral attack on the May 12, 2000 order. Id.

The court noted that Rouse had made no argument as to why the Court of Appeal should not apply its April 30, 2003 decision to the April 18, 2000 order, and that his only argument was that a void order may be challenged at any time and res judicata does not

United States District Court

For the Northern District of California

1   apply to void orders.  The court held, however, that it was the April 30, 2003 order that had

2   a res judicata effect in the nature of issue preclusion; and, moreover, that because the April

3   18, 2000 order had expired and a reversal would have no practical effect, any challenge to

4   the April 18, 2000 order was moot.  Id.

5       Finally, the Court of Appeal noted that over the previous ten years, Rouse had filed

6   numerous motions in the trial court, and several appeals attacking the now-expired

7   restraining orders that had been issued against him; and that in earlier decisions, the court

8   had resolved Rouse's challenges to the May 12, 2000 temporary restraining order, and the

9   May 19, 2000 three-year restraining order.  The court concluded that because it was finally

10  resolving Rouse's challenges to the April 18, 2000 temporary restraining order, it was

11  "confident that our decision in this appeal brings the matter of [Rouse's] challenges to these

12  expired orders to a final resolution in this court."  Id., 2010 WL 3388967 at *4.

13  Unfortunately, it appears that the state court was being overly optimistic.

14      On September 13, 2010, Rouse filed a petition for rehearing, which the Court of

15  Appeal denied on September 17, 2010.  Rouse then filed a petition for review, which the

16  California Supreme Court denied on November 23, 2010.  Five months later, on April 27,

17  2012, Rouse filed the present action, in which he again seeks to challenge the April 18,

18  2000 restraining order as unlawful, raising many of the exact arguments he previously

19  raised in his state court actions, although he asserts those arguments in the guise of claims

20  of constitutional violations and state law torts.

21      In the present complaint, plaintiff alleges that the April 18, 2002 restraining order

22  was "void and unenforceable" because it was issued on a Judicial Council form that

23  provided that "[t]he restrained person is ordered to give up any firearm in or subject to his

24  or her immediate possession or control . . . " and that "[a]ny person subject to a restraining

25  order is prohibited from purchasing or attempting to purchase, receiving or attempting to

26  receive, or otherwise obtaining a firearm; but which lacked the specific language, "The

27  person is prohibited from owning, possessing or attempting to own or possess a firearm"

28  (or alternatively, that the person "is prohibited from purchasing or receiving or attempting to

United States District Court

For the Northern District of California

1  purchase or receive a firearm").  Rouse claims that the form used by the court – California

2  Judicial Council Form DV-110 (New January 1, 1999) – had been "repealed" effective

3  January 1, 2000, when the Legislature had amended Penal Code § 12021 to require that

4  the Judicial Council provide on all protective orders notice that, among other things, the

5  respondent is prohibited from "owning, possessing, purchasing, receiving, or attempting to

6  purchase a firearm while the protective order is in effect."

7       Rouse claims this language was statutorily required, and that it was required to be in

8  bold print, but that when this form was published in 2000, West Publishing Company failed

9  to include the required language in bold print.  Rouse asserts that Form DV-110 (New

10 January 1, 1999) prohibited only "purchasing" or "obtaining" a firearm, but did not include

11 the required notice that the respondent was prohibited from "owning" or "possessing" a

12 firearm, the form was ineffective and the restraining order was therefore void.  He claims

13 that the Judicial Council notified defendants three weeks before he was arrested that the

14 form was required to include that language.

15      Rouse asserts that because the restraining order was void, there was no probable

16 cause to arrest him on May 15, 2000, no probable cause to charge him with unlawful

17 possession of firearms, and no probable cause to jail him following the trial.  Rouse alleges

18 that he is entitled to damages because he was wrongfully arrested, imprisoned, maliciously

19 prosecuted, convicted, and incarcerated, and because his civil service employment with the

20 County of Alameda was terminated.

21                                      **DISCUSSION**

22 A.    Legal Standard

23      A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

24 alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

25 Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen.

26 Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for

27 failure to state a claim, a complaint generally must satisfy only the minimal notice pleading

28 requirements of Federal Rule of Civil Procedure 8.

United States District Court

For the Northern District of California

1    Rule 8(a)(2) requires only that the complaint include a "short and plain statement of

2  the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific

3  facts are unnecessary – the statement need only give the defendant "fair notice of the claim

4  and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing

5  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

6    All allegations of material fact are taken as true.  Id. at 94.  However, legally

7  conclusory statements, not supported by actual factual allegations, need not be accepted.

8  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true

9  "a legal conclusion couched as a factual allegation").  A plaintiff's obligation to provide the

10  grounds of his entitlement to relief "requires more than labels and conclusions, and a

11  formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at

12  555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be

13  enough to raise a right to relief above the speculative level."  Id.

14    A motion to dismiss should be granted if the complaint does not proffer enough facts

15  to state a claim for relief that is plausible on its face.  See id. at 558-59.  "[W]here the

16  well-pleaded facts do not permit the court to infer more than the mere possibility of

17  misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is

18  entitled to relief.'"  Iqbal, 556 U.S. at 679.

19    When resolving a motion to dismiss for failure to state a claim, the court may not

20  generally consider materials outside the pleadings, although the court may consider a

21  matter that is properly the subject of judicial notice.  See Fed. R. Evid. 201(b) (court may

22  take judicial notice of matters either generally known within the trial court's territorial

23  jurisdiction, or capable of accurate and ready determination by resort to sources whose

24  accuracy cannot reasonably be questioned); see also Lee v. City of Los Angeles, 250 F.3d

25  668, 688-89 (9th Cir. 2001); Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282

26  (9th Cir. 1986).

27    Additionally, under the doctrine of incorporation by reference, the court may consider

28  on a Rule 12(b)(6) motion not only documents attached to the complaint, but also

United States District Court

For the Northern District of California

1   documents whose contents are alleged in the complaint, provided the complaint

2   "necessarily relies" on the documents or contents thereof, the document's authenticity is

3   uncontested, and the document's relevance is uncontested.  Coto Settlement v. Eisenberg,

4   593 F.3d 1031, 1038 (9th Cir. 2010); Van Buskirk v. Cable News Network, Inc., 284 F.3d

5   977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d

6   1542, 1555 n.19 (9th Cir. 1989).

7   B.      Defendants' Motions

8          Defendants argue that all causes of action asserted in the complaint should be

9   dismissed as time-barred.  In addition, defendants assert that the § 1983 claims fail to state

10  a claim, as they do not identify any conduct that constitutes a constitutional violation; that

11  the federal claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because Rouse's

12  prior conviction was never invalidated, and that they are also barred by qualified immunity;

13  that the state law claims are barred by Rouse's failure to comply with the California Tort

14  Claims Act, Cal. Gov't Code §§ 905, 945.4; that the state claims of malicious prosecution,

15  abuse of process, and negligence are barred by state law immunity; and that the request

16  for punitive damages is inadequately pled.

17         In the opposition, Rouse asserts that the claim is not time-barred because there is

18  no statute of limitations on "void" orders, and that defendants are not entitled to qualified

19  immunity because they were aware that the form used for the restraining order was "void."

20  Rouse argues further that res judicata does not apply to "void" orders, and that the § 1983

21  claims are therefore not barred by operation of that doctrine.  He contends that no court

22  has the jurisdiction to uphold a "void" order, and that to dismiss the complaint in this action

23  would be to "unlawfully affirm the validity of a protective order which is indisputably void

24  and unenforceable."

25         Rouse also argues that defendants are not entitled to statutory immunity, because

26  state immunity statutes do not apply to claims under § 1983; and that the California Tort

27  Claims Act does not apply to § 1983 claims.  Finally, he asserts that Heck is not a bar to his

28  claims under § 1983, because (in his view) Heck apllies only to lawsuits brought under

United States District Court

For the Northern District of California

1    § 1983 by petitioners for whom a habeas corpus remedy is available.

2        The court finds that the motions must be GRANTED.  As an initial matter, the court

3    notes that Rouse does not oppose dismissal of the state law claims based on his failure to

4    file an administrative claim under the California Tort Claims Act, and does not oppose

5    dismissal of the malicious prosecution, abuse of process, and negligence claims based on

6    the statutory immunities provided in California Government Code § 821.6.  Accordingly, the

7    state law claims are dismissed on this basis, for the reasons argued by defendants.

8        Second, all Rouse's claims are untimely.  The entire complaint is based on actions

9    that occurred during the period 2000 - 2002.  The statute of limitations for claims under

10   § 1983 and § 1985 filed in California is two years.  See Jones v. Blanas, 393 F.3d 918, 927

11   (9th Cir. 2004); McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991); Cal.

12   Code Civ. P. § 335.1.  The state law claims all carry either a two- or a three-year statute of

13   limitations.  See Cal. Code Civ. P. §§ 335.1, 340(c).

14       Third, the § 1983 claims are barred by Heck, because what Rouse is seeking to do

15   is invalidate his conviction. In Heck, the Supreme Court held that a state prisoner's

16   damages claims that necessarily implied the invalidity of his conviction or sentence could

17   not be maintained under § 1983 unless the prisoner proved "that the conviction or sentence

18   has been reversed on direct appeal, expunged by executive order, declared invalid by a

19   state tribunal authorized to make such determination, or called into question by a federal

20   court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 486-87.

21       Here, in arguing that his arrest was invalid because it was based on a void

22   restraining order, and in arguing that his prosecution and conviction were invalid for the

23   same reason, Rouse is seeking to invalidate his conviction, and the Heck rule clearly bars

24   his federal claims.

25       In his opposition, Rouse argues that once a prisoner has been released and habeas

26   is no longer available, he can bring a § 1983 action to establish the unconstitutionality of his

27   conviction or confinement without being required to satisfy the "favorable termination"

28   requirement.  In support of this proposition, he cites a single Ninth Circuit case – Nonnette

13

United States District Court

For the Northern District of California

1   v. Small, 316 F.3d 872 (9th Cir. 2002) – in which the court articulated a narrow exception to

2   the Heck rule, and one that does not apply here.

3       In Nonnette, a parolee sued prison officials under § 1983, alleging that they had

4   violated his constitutional rights by revoking good-time credits and imposing discipline

5   without supporting evidence.  The district court ruled in favor of the defendants, holding that

6   because the claims challenged the validity of the decisions underlying the parolee's

7   confinement, he was required to proceed first in habeas corpus, and under Heck, could not

8   bring a § 1983 claim for damages until he had succeeded in invalidating his confinement.

9       The Ninth Circuit vacated the decision, ruling that the parolee could maintain the

10  action without first obtaining a writ of habeas corpus, even though success would have

11  implied the invalidity disciplinary proceedings.  The court reasoned that because any

12  petition for habeas relief would have been dismissed for lack of case or controversy, in view

13  of the fact that the parolee was no longer in custody, and because establishing the

14  invalidity of his disciplinary proceeding would have no effect on the additional term of

15  incarceration or the period of administrative segregation that resulted from it, and would

16  also have no effect on the term of his parole, he could proceed with his § 1983 claim.  See

17  id. at 875-76.

18      Here, by contrast, Rouse was free to pursue both direct appeal and habeas relief –

19  which he did, but to no avail.  Having failed to invalidate his conviction through those

20  channels, he cannot now seek to accomplish the same end by asserting claims of

21  constitutional violations under § 1983.  See Guerrero v. Gates, 442 F.3d 697, 703-05 (9th

22  Cir. 2006).  Indeed, the court in Nonnette noted that its decision provided relief from Heck

23  only for "former prisoners challenging loss of good-time credits, revocation of parole, or

24  similar matters," id., 316 F.3d at 878 n.7, not challenges to an underlying conviction such

25  as Rouse brings here.

26      Fourth, and most importantly, the entire complaint is barred by res judicata.  The

27  preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which

28  are collectively referred to as "res judicata."  Taylor v. Sturgell, 553 U.S. 880, 892 (2008)

United States District Court
For the Northern District of California

1  (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). Under the doctrine of claim

2  preclusion, a final judgment forecloses "successive litigation of the very same claim,

3  whether or not relitigation of the claim raises the same issues as the earlier suit." Id.; see

4  also Kremer v. Chemical Constr. Corp., 456 U.S. 461, 480-82 (1982) (under the doctrine of

5  claim preclusion, a final judgment on the merits of an action precludes the parties, or

6  persons in privity with them, from relitigating the same claim that was raised in that action –

7  that is, any claim arising out of the same transaction and occurrence).

8         Similarly, factual or legal issues necessarily and finally adjudicated in an earlier

9  action or proceeding may be entitled to preclusive effect in a later lawsuit on a different

10  claim. The effect may be to bar relitigation of those issues. Arizona v. California, 530 U.S.

11  392, 414 (2000); see also Taylor, 553 U.S. at 892 (issue preclusion, or collateral estoppel,

12  bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid

13  court determination essential to the prior judgment," even if the issue recurs in the context

14  of a different claim); Af-Cap Inc. v. Chevron Overseas (Congo) Ltd., 475 F.3d 1080, 1086

15  (9th Cir. 2007) (issue preclusion applies where the issues in both proceedings are

16  identical; the issue in the prior proceeding was actually litigated and actually decided; the

17  issue was essential to support a valid and final judgment on the merits; the party against

18  whom issue preclusion is asserted was a party or in privity with a party at the first

19  proceeding).

20         The rules of claim preclusion and issue preclusion apply equally to § 1983 actions in

21  federal courts. Allen v. McCurry, 449 U.S. 90, 98 (1980), cited in White v. City of

22  Pasadena, 671 F.3d 918, 927 (2012). "State court decisions . . . are thus entitled to the

23  same preclusive effect in a § 1983 action as in any other action, namely the preclusive

24  effect they would be given in the courts of the state that issued the judgment." White, 671

25  F.3d at 927 (citing Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 83 (1984)).

26  California's claim preclusion doctrine provides that a "valid final judgment on the merits in

27  favor of a defendant serves as a complete bar to further litigation on the same cause of

28  action." Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975). The requirements stated above

United States District Court

For the Northern District of California

1    also apply to the doctrine of issue preclusion under California law.  See Lucido v. Superior

2    Court, 51 Cal. 3d 335, 341-43 (1990).

3        Here, with respect to Rouse's federal claims, all requirements for issue preclusion

4    are met.  First, there is an identity of issues.  Between 2000 and 2009, Rouse filed a

5    multiplicity of cases and appeals of various sorts in state court, arguing that the April/May

6    2000 restraining orders were void, and that his arrest, prosecution, and conviction were

7    therefore unlawful.  Under federal law, a plaintiff cannot avoid the bar of res judicata merely

8    because he files a new suit alleging conduct by the defendants not alleged in the prior suit,

9    nor because he has pleaded a new legal theory.  Costantini v. Trans World Airlines, 681

10   F.2d 1199, 1201 (9th Cir. 1982).

11       Clearly, the premise that underlies all the causes of action asserted in the present

12   complaint – that the restraining order was void because the form used for the issuance of

13   the order did not include the precise statutory language, and that the arrest was therefore

14   not supported by probable cause – arises out of the same nucleus of operative facts as the

15   claims asserted in Rouse's prior actions, and this issue was necessarily decided by the

16   courts in the prior actions.

17       Second, there has been a final judgment on the merits, as none of the lower state

18   court decisions has been reversed by the California Supreme Court.  This is the equivalent

19   of a dismissal with prejudice.  The phrase "final judgment on the merits" is often used

20   interchangeably with "dismissal with prejudice."  Stewart v. US Bancorp, 297 F.3d 953, 956

21   (9th Cir. 2002).

22       Third, there is identity or privity of parties.  Rouse previously raised claims in

23   numerous habeas petitions challenging his conviction on the basis (1) that Alameda County

24   and the state courts conspired to conceal their long-standing practice of failing to comply

25   with the Family Code § 6304 requirement that a protective order clearly specify that the

26   respondent is prohibited from owning, possessing, purchasing or receiving a firearm or

27   attempting to do so; (2) that his conviction was based on the issuance of a restraining order

28   without sufficient supporting evidence; and (3) that his conviction was based on the

United States District Court

For the Northern District of California

1   issuance of a restraining order that was impermissibly vague and "void on its face" because

2   it contained conflicting language about whether he could possess firearms.

3        Privity may exist, even when the parties are not identical, if there is substantial

4   identity between the parties, that is, when there is sufficient commonality of interest.

5   Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081

6   (9th Cir. 2003).  Here, however, the party against whom res judicata is asserted (Rouse)

7   was a party in all the prior actions.

8        In short, Rouse previously argued to the state courts that the restraining orders were

9   "void" because, among other things, the language in the firearms restriction provision was

10  vague and did not "state on its face" that the restrained person "is prohibited from owning,

11  possessing, purchasing, or receiving a firearm while the protective order is in effect."  As

12  described above in some detail in the "Background" section, the state courts have held that

13  none of the restraining orders – neither the April 18, 2000 order, nor the May 12, 2000

14  order, nor the May 19, 2000 order – was "void" for any reason argued by Rouse.

15       Moreover, in its August 30, 2010 decision, the California Court of Appeal in Rouse v.

16  Rouse held that the September 24, 2009 order in which the trial court held that "'there are

17  no cognizable legal grounds for "voiding"' the April 18, 2000 order, "became 'res judicata'

18  as to any challenge that the April 18, 2000 order was void on its face."  Rouse v. Rouse,

19  2010 WL 3388967 at *3 (emphasis added).  In that same decision, the Court of Appeal held

20  further that the April 30, 2003 decision in Deer v. Rouse rejecting Rouse's collateral attack

21  on the May 12, 2000 order also mandated rejection of his attack on the April 18, 2000

22  order, and also noted that the court had previously rejected Rouse's challenge to the May

23  19, 2000 order.

24       Accordingly, any argument in which Rouse now asserts that the restraining orders

25  are void is barred by res judicata, because he is attempting to relitigate the same issues he

26  previously raised or claims that he could have raised in the state courts because they relate

27  to the same set of facts as his original claims.  See Tahoe-Sierra Pres. Council, 322 F.3d at

28  1078.

1  Finally, because the court finds that amendment would be futile, the complaint is
2  dismissed with prejudice, and Rouse's request that the court take judicial notice of certain
3  Judicial Council forms and certain minutes and agenda from Judicial Council meetings is
4  denied as moot.

5  **CONCLUSION**

6  In accordance with the foregoing, defendants' motions are GRANTED, and the
7  action is DISMISSED with prejudice.  The June 27, 2012 and July 25, 2012 hearing dates
8  are VACATED.

9

10  **IT IS SO ORDERED.**

11  Dated:  June 21, 2012

12  PHYLLIS J. HAMILTON
    United States District Judge