UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WINSLOW C. ROUSE,

    Plaintiff,

    v.

RAYMOND ROBERT CONNER, et al.,

    Defendants.

_____/

No. C 12-2121 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION**

    Plaintiff Winslow C. Rouse seeks reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(4) of the order granting defendants' motion to dismiss the above-entitled action, and the judgment entered on June 21, 2012.[1] The court has reviewed plaintiff's papers and considered his arguments, and finds no basis for vacating the judgment under Rule 60.

    Plaintiff does not argue that relief from judgment is warranted because of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or satisfaction of the judgment. To the extent that plaintiff is asserting that the court failed to consider dispositive legal arguments, he has failed to identify any such arguments. To the extent that he is arguing that the court should not have dismissed the complaint, he has failed to articulate any basis for denying the motion to dismiss.

    The only ground that plaintiff raises is that the judgment is "void." In that regard, his argument appears to be that because the restraining order that was issued in 2000 is, in his view, "void and unenforceable," it follows that this court's order dismissing the complaint

---

[1] Plaintiff also appears to be seeking relief under Civil Local Rule 7-9(b)(3). However, that rule applies to requests for reconsideration of interlocutory orders, and so is inapplicable here.

and the judgment are also "void." This argument is untenable, for all the reasons set forth in the court's 18-page order of dismissal. Accordingly, the motion is DENIED.

Plaintiff also asserts that the court erred in ruling that his requests for judicial notice were moot, and that under the California Evidence Code, the court is required to take judicial notice of the documents attached to plaintiff's requests. As an initial matter, this court is not obligated to follow the California Evidence Code with regard to judicially noticing facts. In addition, while Federal Rule of Evidence 201 allows the court to judicially notice adjudicative facts that are "not subject to reasonable dispute," the court may deny a request for judicial notice of facts that are not relevant to the question at issue. See, e.g., Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 393 n.7 (9th Cir. 2000). Here, because plaintiff's claims are barred by res judicata, and are also time-barred, any request for judicial notice cannot be relevant, and is therefore moot.

The court will entertain no further motions from plaintiff. If he disagrees with the decision of the court, he may file a notice of appeal and present his arguments to the Ninth Circuit.

The July 11, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: July 3, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge